| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Thomas M. Jevcak** | Social Security number or ITIN **xxx–xx–8441** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **WESTERN DISTRICT OF PENNSYLVANIA** | | |
| Case number:  **17–20384–CMB** | | |

# Order of Discharge                                                                                                      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Thomas M. Jevcak

<u>8/14/20</u>                                                                **By the court:**     <u>Carlota M. Bohm</u>
                                                                                                     United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                  Case No. 17-20384-CMB
Thomas M. Jevcak                                                        Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2         User: culy              Page 1 of 1           Date Rcvd: Aug 14, 2020
                             Form ID: 3180W          Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 16, 2020.
db             +Thomas M. Jevcak,   89 Shrewsbury Drive,   Martinsburg, WV 25405-1111
14358461       +New Castle Bellco Federal Credit Union,   1011 Wilmington Avenue,   New Castle, PA 16101-2150

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 15 2020 04:26:33
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 15 2020 04:26:33      Pennsylvania Dept. of Revenue,
                 Department 280946,   P.O. Box 280946,   ATTN: BANKRUPTCY DIVISION,
                 Harrisburg, PA 17128-0946
14358460        EDI: JPMORGANCHASE Aug 15 2020 07:48:00      Chase Card Services,   Correspondence Dept,
                 Po Box 15278,   Wilmington, DE 19850
14401961        EDI: CAUT.COM Aug 15 2020 07:48:00      JPMorgan Chase Bank, N.A.,
                 National Bankruptcy Department,   P.O. Box 29505 AZ1-1191,   Phoenix, AZ 85038-9505
14358462       +EDI: RMSC.COM Aug 15 2020 07:48:00      Synchrony Bank / Walmart,   Attn: Bankruptcy,
                 Po Box 956060,   Orlando, FL 32896-0001
14358463       +EDI: WTRRNBANK.COM Aug 15 2020 07:48:00      Target,   Po Box 673,   Minneapolis, MN 55440-0673
                                                                                               TOTAL: 6

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              JPMORGAN CHASE BANK, N.A.
                                                                                               TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 14, 2020 at the address(es) listed below:
              Daniel P. Foster    on behalf of Debtor Thomas M. Jevcak dan@mrdebtbuster.com,
               katie@mrdebtbuster.com;kaitlyn@mrdebtbuster.com;kristen@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com
              James Warmbrodt    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                               TOTAL: 4